Jennifer L. Ishimoto (SBN 211845)
jishimoto@banishlaw.com
John A. Lee (SBN 229911)
jlee@banishlaw.com
Banie & Ishimoto LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
Tel: 650.241.2771
Fax: 650.241.2770

Attorneys for Plaintiff
Landmark Technology, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CANADA DRUGS LP <br><br> Defendant. | CASE NO. **'16CV0558 GPC WVG** <br><br> **PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Canada Drugs LP ("Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Southern District of California that includes, but is

not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 329 Laurel, San Diego, CA 92101.

6. Plaintiff is informed and believes, and on that basis alleges, that Canada Drugs LP ("Defendant") is a corporation organized under the laws of the State of Manitoba, with its principal place of business at 24 Terracon Pl, Winnipeg, MB R2J 4G7, Canada. Plaintiff is further informed and believes, and on that basis alleges, that Canada Drugs is in the business of retail pharmaceuticals, and derives a significant portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at www.canadadrugs.com (the "Website") and/or the Canada Drugs functionality found at https://www.canadadrugs.com/cart. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Canada Drugs has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Canada Drugs functionality found at https://www.canadadrugs.com/cart.

## FACTS

7. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit A and incorporated herein by this reference.

8. Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit B and incorporated herein by this reference.

9. Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on Jan 31, 2013, confirming the validity of all twenty eight (28) original claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit C and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")

10. On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Plaintiff. Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement. The '319 Patent is valid and in force.

11. On or about November 16, 2015, Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.

12. As more fully laid out below, Defendant has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by providing its products/services using electronic transaction systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

**FIRST CLAIM FOR RELIEF**

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

13. Plaintiff refers to and incorporates herein by reference paragraphs 1-9.

14. Defendant has directly infringed, and continues to directly infringe, Claims 1 and 3 of the '319 Patent in this judicial district and elsewhere in California and the United States, through the sales and distribution via electronic transactions conducted on and using at least, but not limited to, its website located at www.canadadrugs.com and www.canadadrugs.com/cart.

15. The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

16. The Canada Drugs functionality referenced above are "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

17. By way of example only, and not limited to, Defendant's functionality and supporting server infringes at least Claims 1 and 3 of the '319 Patent in that, the Defendant's functionality and supporting server provides a system that practices all of the limitations of the claim and on which Defendant processes business information and places purchase orders, including:

    a. The functionality and supporting server is an automatic data processing system for processing business and financial transactions between entities from remote sites running the Defendant's functionality which is in communication with the Defendant's server.

    b. The Defendant's system includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the Defendant's functionality running at said remote sites. Defendant's system allows for a broad range of transactions, thus a range of orders are possible. The system processes a "variety of inquiries," such as inquiries regarding order history and order status.

    c. The system is operated through a terminal (the Defendant's computer(s) at each of said remote sites, which terminal includes a data processor and operates in response to operational sequencing lists of program instructions (the code constituting the transaction systems).

d. The server of the System and Defendant's computerized station(s) software practice all of the remaining limitations of Claim 1 of the '319 Patent.

18. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Southern District of California, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

19. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

20. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

21. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))**

22. Plaintiff refers to and incorporates herein by reference paragraphs 1-17.

23. Plaintiff is informed and believes, and on that basis alleges, that Defendant has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers to utilize their own device in combination with https://www.canadadrugs.com/cart, and incorporated and/or related systems, to search for and order information and products from www.canadadrugs.com in such a way as to infringe the '319 Patent.

24. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

25. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. Plaintiff does not have an adequate remedy at law.

26. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment that Defendant has directly infringed, and induced others to infringe, the '319 Patent either literally and/or under the doctrine of equivalents;

B. Judgment that Defendant's infringement of the '319 Patent has been wilfull;

C. Judgment permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

D. Judgment awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

E. Judgment awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendant's infringement;

F. Judgment awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

G. Judgment awarding Plaintiff pre-judgment and post-judgment interest; and

H. Judgment awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: March 4, 2016

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ Jennifer L. Ishimoto
    Jennifer L. Ishimoto
    John A. Lee

    Attorneys for Plaintiff
    Landmark Technology, LLC

# REQUEST FOR TRIAL BY JURY

Plaintiff claims trial by jury on all issues so triable.

Dated: March 4, 2016

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ Jennifer L. Ishimoto
    Jennifer L. Ishimoto
    John A. Lee

    Attorneys for Plaintiff
    Landmark Technology, LLC